IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CHRISTINE GONZALES,

      Plaintiff,

v.                          Cause No.

KENNEDY MCDOW, SR., individually, as an
Agent of Bennett Trucking, and as owner of K & M
Trucking, K & M TRUCKING, BENNETT
INTERNATIONAL GROUP, INC., d/b/a
BENNETT TRUCKING and BENNETT
MOTOR EXPRESS, INC., d/b/a BENNETT
TRUCKING,

      Defendants.

## NOTICE OF REMOVAL

Defendants Bennett International Group, Inc., d/b/a Bennett Trucking and Bennett Motor Express, Inc., d/b/a Bennett Trucking (collectively "Bennett") hereby give notice of the removal of the above-captioned matter from the Thirteenth Judicial District Court in the County of Valencia, State of New Mexico, to the United States District Court for the District of New Mexico, pursuant to 28 U.S.C. §§1332, 1441 and 1446. In support thereof, Bennett states the following:

## I.    CASE BACKGROUND AND FOUNDATION FOR REMOVAL

1.    On or about March 8, 2006, Plaintiff commenced an action in the Thirteenth Judicial District Court, State of New Mexico, against Kennedy McDow, Sr., Bennett International Group, Inc., d/b/a Bennett Trucking and Bennett Motor Express, Inc., d/b/a Bennett Trucking bearing cause number D-1314-CV-2006-00277 ("State Court Action"). Plaintiff's Complaint For Negligence, Negligence *Per Se*, Intentional Torts And For Damages

("Complaint") seeks judgment against Defendants for injuries that Plaintiff allegedly suffered as a result of Defendant McDow sexually assaulting and kidnapping her. Plaintiff's claims against Bennett are based on the theory of vicarious liability. Compl., attached as Ex. A.

2.      Plaintiff then filed her First Amended Complaint For Negligence, Negligence *Per Se*, Intentional Torts And For Damages ("Amended Complaint") on November 1, 2006, to add K & M Trucking as a defendant. Am. Compl., attached as Ex. B.

3.      Although Plaintiff alleges that Defendant McDow was a resident of New Mexico at the time of the filing of her Complaint, in his Motion and Response to First Amended Complaint ("Def. McDow's Answer") filed on December 15, 2006, Defendant McDow asserts that he has always been a resident of the State of California. Def. McDow's Answer, attached as Ex. C.

4.      Bennett first learned of Defendant McDow's domicile during the period of this litigation from Defendant McDow's Answer to Plaintiff's Amended Complaint.

5.      This Notice of Removal is timely filed within thirty days after Bennett first ascertained that this case is one which is removable. *See* 28 U.S.C. §1446(b).

6.      As evidenced by separate pleadings, Defendants McDow and K & M Trucking have consented to this removal.

7.      This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000 and because the properly-named parties to this action are citizens of different states. These points are demonstrated more comprehensively in the following sections of this petition.

2

8.     Venue is proper in this Court because the State Court Action is pending in New Mexico. *See* 28 U.S.C. § 1441(a).

## II.    THE PARTIES IN THIS ACTION ARE CITIZENS OF DIFFERENT STATES

9.     Plaintiff is a citizen of New Mexico, residing in Guadalupe County. Am. Compl. ¶ 1.

10.    Defendant Bennett Motor Express, Inc. is a foreign corporation with its principle place of business in Georgia. *Id.* ¶ 4.

11.    Defendant Bennett International Group, Inc. is a foreign corporation with its principle place of business in Georgia. *Id.* ¶ 5.

12.    Defendant K & M Trucking is licensed and registered to conduct business in California. *Id.* ¶ 3.

13.    Defendant McDow is a citizen of California. Def. McDow's Answer ¶ 1.

14.    In order for an individual to obtain a new domicile, he must (1) reside in the new locality and (2) intend to remain there. *Mitchell v. U.S.*, 88 U.S. 350 (1874). Although Defendant McDow was incarcerated in New Mexico, he had no *intent* to remain in New Mexico as evidenced first by the fact that he returned to California after his release from prison and second by the fact that he implies in his Answer his intent to remain a citizen of California. Def. McDow's Answer ¶ 1.

15.    As between Plaintiffs and the properly-named defendants in this action there is complete diversity of citizenship.

**III. THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.00**

16. The Complaint is silent as to the specific amount of damages that Plaintiff seeks. The amount in controversy for removal jurisdiction, however, may be determined by reasonable analysis of the seriousness of the harm plaintiff claims to have suffered. *See Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995). In the Complaint, Plaintiff seeks compensatory and punitive damages, as well as recovery for "physical pain and injuries and emotional trauma" Am.Compl. ¶ 69 and 74.

17. Also, in a November 12, 2004 letter to Bennett's General Counsel, Plaintiff's Counsel makes a settlement demand of $450,000.00. Letter from Robert J. Gorence to General Counsel of November 12, 2004, attached as Ex. D.

18. Bennett denies the allegations in the Complaint. However, taking those allegations on their face as true, as this Court must do for the purpose of determining the propriety of removal, it is clear that the amount in controversy exceeds $75,000.00.

19. Given the complete diversity of the real parties and an amount in controversy in excess of $75,000, this Court has jurisdiction over the causes of action and claims asserted in the State Court Action pursuant to 28 U.S.C. § 1332, and this action properly is removable pursuant to 28 U.S.C. § 1441.

WHEREFORE, Bennett respectfully requests that the State Court Action now pending in the Thirteenth Judicial District Court, State of New Mexico, bearing cause number D-1314-CV-2006-00277 be removed to this Court and asks that this Court make and enter such further orders as may be necessary and proper.

Respectfully submitted,

RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.

By: _____

Seth L. Sparks
Amber L. Creel
Post Office Box 1888
Albuquerque, New Mexico 87103
Telephone: (505) 768-7291  Fax:  (505) 768-7395
*Attorneys for Defendants Bennett International Group,*
*Inc. and Bennett Motor Express, Inc.*

We hereby certify a true and correct
copy of the forgoing Removal was mailed
on this 16th day of January, 2007 to:

Robert J. Gorence
Louren Oliveros
Robert J. Gorence & Associates, PC
201 12th Street NW
Albuquerque, NM 87102
(505) 244-0214

Kennedy McDow
P.O. Box 981
Atwater, CA 95301
(209) 617-3301

_____
Amber L. Creel

5