IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**CHRISTINE GONZALES**,

    Plaintiff,

  vs.          No. 1:07-cv-54 MCA/WDS

**KENNEDY McDOW, Sr., et al.**,

    Defendants.

## <u>MEMORANDUM OPINION AND ORDER</u>

**THIS MATTER** comes before the Court on Plaintiff's *Motion for Partial Summary Judgment Against Defendant McDow* [Doc. 39], filed October 25, 2007.  Having considered the parties' submissions, the relevant law, and otherwise being fully advised in the premises, the Court concludes that the Motion should be **GRANTED.**

## I.  INTRODUCTION

Plaintiff Christine Gonzales filed this lawsuit seeking civil redress for the allegedly criminal conduct of Defendant Kennedy McDow, Sr.  Ms. Gonzales asserts that Mr. McDow is precluded by his conviction in state court from denying liability for her civil claim of false imprisonment.  The Court agrees.

According to facts alleged in Ms. Gonzales' complaint [Doc. 17], on November 5, 2003, she accepted a ride from Mr. McDow, a commercial truck driver.  At some point along U.S. Highway 54 near Carrizozo, New Mexico, Mr. McDow allegedly stopped the vehicle,

bound and blindfolded Ms. Gonzales, threatened her life, and sexually assaulted her.  He then abandoned Ms. Gonzales by the roadside and drove away.

Ms. Gonzales was rescued later that day by Otero County Sheriff's officers after they received a 911 call of a female lying on the side of the road.  Mr. McDow was apprehended by New Mexico State Police shortly thereafter.  He admitted having sexual contact with Ms. Gonzales, but claimed that it was consensual.  Mr. McDow was charged with criminal sexual penetration, criminal sexual contact, kidnapping, bribery of a witness, and tampering with evidence.

A state court jury found Mr. McDow guilty of false imprisonment (a lesser included offense of kidnapping) and tampering with evidence.  He was acquitted of the remaining charges and sentenced to three years incarceration.

Ms. Gonzales seeks summary judgment against Mr. McDow on her claim of false imprisonment.  She argues that the principles of res judicata and collateral estoppel should apply to prevent Mr. McDow from denying liability.  Mr. McDow, a pro se party, has failed to respond to the motion.

## II.    SUMMARY JUDGMENT STANDARD

Rule 56(a) of the Federal Rules of Civil Procedure permits a party seeking to recover upon a claim to move for summary judgment in the party's favor.  Fed.R.Civ.P. 56(a). Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment

as a matter of law."  Fed.R.Civ.P. 56(c).

Where, as here, the movant is also the party bearing the burden of persuasion at trial, she must show that the record as a whole satisfies each essential element of her claim in such a way that no rational trier of fact could find for the non-moving party.  *See 19 Solid Waste Dep't Mechs. v. City of Albuquerque*, 156 F.3d 1068, 1071 (10th Cir.1998).  In ruling on a motion for summary judgment, the Court does not weigh the evidence and determine the truth of the matter, but simply determines whether there is a genuine issue for trial.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).  There is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party.  *Anderson*, 477 U.S. at 249.

Mr. McDow, a pro se party, has failed to respond to Ms. Gonzales' motion.[1]  The Federal Rules of Civil Procedure specifically contemplate the consequences of failing to oppose a summary judgment motion.

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavits or as otherwise provided by this rule, must set forth specific facts showing that there is a genuine issue for trial.  If the party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed.R.Civ.P. 56(e).

---

[1] The Court notes that although Mr. McDow has not responded to this motion, he has been an active litigant in the case, engaging in motion practice himself.  He participated in preparation of the Joint Status Report [Doc. 7], filed numerous discovery motions [Docs. 53, 57, 67, 68, 78, 79], requested a hearing [Doc. 91], and moved to consolidate this case with a case in which he is the party plaintiff and Ms. Gonzales is a defendant.  [Doc. 84].

A pro se party is not excused from following the rules.  The Tenth Circuit "has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants."  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

By failing to file a response the nonmoving party waives the right to controvert the facts asserted in the summary judgment motion.  *Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002); D.N.M.LR-Civ. 56.1(b).  The Court should accept as true all material facts asserted and properly supported in the summary judgment motion.

The failure to respond, however, is not a sufficient basis alone on which to enter summary judgment against the party.  Furthermore, the Court does not construe Mr. McDow's failure to respond as an indication of his consent to grant the motion under D.N.M. LR-Civ. P. 7.1(b).  The burden to respond shifts to the nonmoving party only if the moving party meets its initial burden of demonstrating that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law.  *Reed*, 312 F.3d at 1194–95.

## III.    ANALYSIS

### A.    Preclusive Effect of New Mexico State Court Judgment

The Full Faith and Credit Act, 28 U.S.C. § 1738, requires federal courts to give the same preclusive effect to a state court judgment as would the courts of the state in which the judgment was rendered.  *Jiron v. City of Lakewood*, 392 F.3d 410, 415–16 (10th Cir. 2004). The Court thus looks to New Mexico law to determine the preclusive effect of a criminal conviction rendered in New Mexico.

Under New Mexico law, the doctrine of res judicata, or claim preclusion, prevents a

party or its privies from repeatedly suing another on the same cause of action. *Rosette, Inc. v. U.S. Dep't of the Interior*, 169 P.3d 704, 713–14 (N.M. Ct. App. 2007). Res judicata requires, among other things, identity of the cause of action in both suits. *Rosette,*169 P.3d at 714. Collateral estoppel, or issue preclusion, on the other hand, applies whether or not the suits involve the same cause of action. *Rosette*, 169 P.3d at 715–16. It operates to bar the relitigation of ultimate facts or issues actually and necessarily determined in the previous litigation. *Rosette*, 169 P.3d at 716.

Because res judicata requires identity of cause of action, it is not the appropriate theory in this case. A criminal prosecution, which seeks to impose a penal sanction and to vindicate public order, is regarded as a separate cause of action from a civil claim, which seeks to secure compensation for the victim of a wrong. Restatement (Second) Judgments § 85 cmt. a (1982). Thus, collateral estoppel, rather than res judicata, appears to be the applicable doctrine.

**B.      Prima facie case of collateral estoppel**

The elements of collateral estoppel are: (1) the party to be estopped was a party or privy to the prior proceeding; (2) the cause of action in the present case is different from the cause of action in the prior proceeding; (3) the issue was actually litigated in the prior proceeding, and; (4) the issue was necessarily determined in the prior proceeding. *Rex, Inc. v. Manufactured Hous. Comm. for the State of N.M.*, 80 P.3d 470, 473 (N.M. Ct. App. 2003).

New Mexico courts have approved the use of offensive collateral estoppel, which can be applied "when a plaintiff seeks to foreclose the defendant from litigating an issue the

defendant has previously litigated unsuccessfully regardless of whether [the] plaintiff was privy to the prior action. *Rex, Inc.*, 80 P.3d at 473 (quoting *Silva v. State*, 745 P.2d 380, 384 (N.M. 1987)).

It is incumbent upon the party invoking collateral estoppel, Ms. Gonzales in this case, to introduce sufficient evidence for the court to determine whether the doctrine is applicable. *Silva v. State*, 745 P.2d 380, 384 (N.M. 1987). Once a prima facie showing has been made, the burden shifts to the nonmovant to show that he was not afforded a full and fair opportunity to litigate. *Padilla v. Intel Corp.*, 964 P.2d 862, 865 (N.M. Ct. App. 1998). In deciding whether the party opposing collateral estoppel had a full and fair opportunity, the court considers countervailing equities such as prior incentive for a vigorous defense, inconsistencies, and procedural opportunities. *Silva*, 745 P.2d at 384.

Collateral estoppel cannot be applied where the record is insufficient to determine what issues were actually and necessarily determined in the prior litigation. *Silva*, 745 P.2d at 384. One court has concluded that it is not sufficient for the plaintiff to simply introduce the decision of the state court. *Ramirez Zayas v. Commonwealth of Puerto Rico*, 400 F.Supp.2d 410, 414 (D. P.R. 2005). "Rather, plaintiff[] must introduce a sufficient record of the prior proceedings to enable the court to pinpoint the exact issues previously litigated." *Ramirez Zayas*, 400 F.Supp.2d at 414.

To support her motion, Ms. Gonzales has submitted: (1) a document that purports to be a copy of the Grand Jury Indictment in *State of New Mexico v. Kennedy McDow*, Cause No. CR-2003-520, Twelfth Judicial District, Otero County, New Mexico [Doc. 40-2 at 1–3

6

(Ex. A); (2) a document that appears to be a docket sheet from the same case [Doc. 40-2 at 4–16 (Ex. B) and; (3) a document that purports to be the "Amended Judgment and Sentence/Commitment to Penitentiary" in the same case [Doc. 40-2 at 17–19 (Ex. C)].  It is not clear that any of these documents have been properly authenticated, nor has Ms. Gonzales shown that they are self-authenticating such that the Court may consider them on summary judgment.

However, since Mr. McDow has failed to timely respond to the motion, he has waived his right to attempt to dispute the facts asserted by Ms. Gonzales.  Furthermore, Mr. McDow does not deny that he was convicted by a jury of committing the crime of false imprisonment.  In his answer to Plaintiff's Second Amended Complaint, he states that "the jury should not have been allowed to convict [him] on false imprisonment."  [Doc. 51 at 2.]  Accordingly, the Court accepts the following facts as true for the purposes of this motion:

> (1) A twelve-member New Mexico state court jury found Mr. McDow guilty of false imprisonment in violation of NMSA 1978 § 30-4-3.  [Doc. 40-2 at 17.]

> (2) Mr. McDow was represented by counsel during the criminal proceedings that led to his conviction for false imprisonment.  [Doc. 40-2 at 17.]

> (3) On June 22, 2005, a judgment of conviction upon the jury's verdict was entered against Mr. McDow.  [Doc. 40-2 at 17.]

> (4) The judgment was affirmed on appeal and there are no further appeals pending.

> (5) Ms. Gonzales' civil claim against Mr. McDow is based on the identical acts that supported his conviction for false imprisonment.  [Doc. 17, ¶¶ 1, 21, 49–52 (Gonzales' Amended Compl); doc. 51 (McDow's Answer).]

The Court concludes that these facts are sufficient to establish a prima facie case that Mr.

McDow should be collaterally estopped from denying liability for false imprisonment.

Regarding the first two elements of collateral estoppel, it is undisputed that Mr. McDow, the party to be estopped, was a party to the prior criminal proceeding against him. Second, the cause of action is different. As discussed above, a criminal prosecution and a claim for civil remedy are regarded as separate causes of action.

The third and fourth elements also are satisfied. The Court can infer from the fact of conviction that the elements of false imprisonment were actually litigated, and further, that they were established beyond a reasonable doubt. *State v. Brown*, 931 P.2d 69, 76–77 (N.M. 1996) (due process requires that accused may not be convicted unless every element of crime is proven beyond a reasonable doubt).

The crime of false imprisonment is defined as "intentionally confining or restraining another person without his consent and with knowledge that he has no lawful authority to do so." NMSA 1978 § 30-4-3. Under New Mexico law, it is identical to a civil claim for false imprisonment. *See Santillo v. N.M. Dep. of Pub. Safety*, 173 P.3d 6, 10 (N.M. Ct.App. 2007) ("The tort of false imprisonment occurs when a person intentionally confines or restrains another person without consent and with knowledge that he has no lawful authority to do so."). Thus, the facts that were necessarily determined to convict Mr. McDow of the crime of false imprisonment are the same facts that Ms. Gonzales would have to prove to establish her civil claim against him.

## C.    Full and fair opportunity to litigate

The burden now shifts to Mr. McDow to show that he was not afforded a full and fair

opportunity to litigate in the criminal proceeding.  Because he has failed to respond, he cannot meet his burden.

The Court cannot assume the role of advocate for the pro se litigant.  *Garrett*, 425 F.3d at 840 (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)).  However, an independent review of the record does not reveal to the Court any countervailing equities that should prevent the application of collateral estoppel.

Mr. McDow presumably was sufficiently motivated to vigorously defend the charge. As a fourth degree felony, false imprisonment carries a sentence of eighteen months imprisonment and a fine of up to five thousand dollars.  NMSA 1978 § 31-18-15A(10), § 31-18-15E(9).  Further supporting the conclusion that Mr. McDow had a full and fair opportunity to litigate is the fact that he was represented by counsel.  *Brantley Farms v. Carlsbad Irrigation Dist.*, 954 P.2d 763, 768 (N.M. Ct. App. 1998) (order reciting that parties were represented by counsel and argued their positions sufficient to demonstrate full and fair opportunity to litigate).

Mr. McDow alleges in his answer that he has filed a state habeas proceeding attacking his conviction.  [Doc. 51 at 2.]  However, the Court is not aware of any authority supporting the notion that a pending collateral attack on a final judgment deprives it of preclusive effect.

Furthermore, although the merits of Mr. McDow's state habeas petition are not before this Court, the nature of Mr. McDow's collateral attack, as he describes it in his answer, does not lead the Court to suspect that he was denied a full and fair opportunity to litigate.  The basis of his collateral attack is that conviction of the lesser-included offense of false

9

imprisonment constituted an "impermissible amendment of the indictment" that charged him with kidnapping.  [Doc. 51 at 2.]  Under New Mexico law, however, a "defendant is placed on notice of the potential for being charged with lesser included offenses of an offense charged in the indictment.  *State v. Gallegos*, 781 P.2d 783, 794 (N.M. Ct. App. 1989). Accordingly, a defendant is not prejudiced by an amendment, especially where, as here, the charged offense is a first or second degree felony, and the offense of conviction is a fourth degree felony.  *See Gallegos*, 781 P.2d at 794; NMSA 1978, § 30-4-1B (1963) (kidnapping a second degree felony when perpetrator voluntarily frees victim in a safe place and does not inflict physical injury or sexual assault; otherwise, it is a first degree felony).

Mr. McDow has also filed a separate lawsuit against Ms. Gonzales, the State of New Mexico, and others alleging that his civil rights were violated by his arrest, subsequent criminal prosecution, and conviction.[2]  His complaint includes allegations of governmental corruption, conflict of interest between the district attorney and the public defender, use of erroneous statements and false testimony, and concealment of evidence.  [Doc. 84-2.]  Mere allegations in that separate proceeding, however, are not sufficient to meet his evidentiary burden in this proceeding.  In sum, there is no indication that Mr. McDow was denied a full and fair opportunity to litigate the false imprisonment charge.

### D.    Persuasive authority on application of collateral estoppel

Ms. Gonzales has not cited any New Mexico authority demonstrating the preclusive

---

[2]*Kennedy McDow v. Christine M. Gonzales*, et al., Cause No. 1:07cv1266 JB/WPL.  Mr. McDow has moved to consolidate his civil rights case with the case at bar.  [Doc. 84]

effect, in a subsequent civil case, of a criminal conviction.  However, the conclusion that a criminal adjudication precludes the defendant from litigating the elements of the crime in a subsequent civil proceeding appears to be fairly universal.  For example, the Restatement (Second) Judgments provides that it is "now settled that preclusion should apply" when a person harmed by conduct that was criminally prosecuted brings an action for civil redress against the wrongdoer.  Restatement (Second) Judgments § 85 cmt. e; *see also Jiron*, 392 F.3d at 416 (under Colorado law as predicted by the Tenth Circuit, party who has plead guilty to crime in state court is collaterally estopped from relitigating elements of that crime in subsequent civil proceeding.).

Application of collateral estoppel appears especially appropriate when the tort closely tracks the elements of the criminal offense.  In one carefully-reasoned opinion, the court approved offensive use of collateral estoppel by holding that the defendant was estopped by his criminal conviction for battering the plaintiff from denying liability in the plaintiff's subsequent tort action against him.  *Smith v. Sheahan*, 959 F.Supp. 841 (N.D. Ill. 1997).  The court reasoned that "a person cannot commit the crime of battery without also committing the tort of battery."

In *Lettsome v. Waggoner*, the District Court of the Virgin Islands held that the defendant's prior conviction for assault operated in the subsequent civil case as an issue preclusion bar to relitigation of the issue of assault.  *Lettsome v. Waggoner*, 672 F.Supp. 858 (D. V.I. 1987).  The court stated:  "To deny the plaintiff the collateral use of a fact already proven beyond a reasonable doubt...would be to turn the doctrine of collateral estoppel on

its head and would defy elemental notions of fairness, judicial efficiency and common sense. *Lettsome*, 672 F.Supp. at 862.

Similarly, in Mr. McDow's case, a state court jury concluded beyond a reasonable doubt that he committed the criminal offense of false imprisonment against Ms. Gonzales. Because the elements of the crime are identical to the elements of the tort, Mr. McDow necessarily committed the tort. Thus, there is no need to expend time and resources relitigating this issue. Mr. McDow should be estopped from denying the elements of Ms. Gonzales' false imprisonment claim to the extent the claim is based on the identical conduct that supported the conviction.

### E. Bennett Defendants

The Bennett Defendants[3] filed a response in which they object to Ms. Gonzales' request for partial summary judgment to the extent she seeks to use Mr. McDow's criminal conviction against them. [Doc. 44.] In her reply brief, Ms. Gonzales confirms that her motion is directed only to Mr. McDow and that it is not addressed to Bennett "in any manner." [Doc. 49 at 2.] Accordingly, the Court does not consider, and reaches no conclusion regarding the effect of Mr. McDow's conviction on Bennett's liability.

## IV. CONCLUSION

The Court concludes that Ms. Gonzales' motion is well-taken and should be **GRANTED**.

_____

[3]Bennett International Group, Inc. and Bennett Motor Express, Inc.

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion for Partial Summary Judgment Against Defendant McDow [Doc. 39] is **GRANTED.**

**SO ORDERED** this 30th day of March 2008**,** in Albuquerque New Mexico.

**M. CHRISTINA ARMIJO**
United States District Judge

13