# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**CHRISTINE GONZALES**,

    Plaintiff,

vs.                                        No. 1:07-cv-54 MCA/WDS

**KENNEDY McDOW, Sr., et al.**,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on pro se Defendant Kennedy McDow, Sr.'s "Motion for Consolidate Cases," [Doc. 84] filed March 1, 2008.  Mr. McDow moves the Court to consolidate this action with another case pending in this District: *Kennedy McDow v. Christine Gonzales, et al*., No. 1:07cv1266 JB/WPL (the "McDow Lawsuit").  Having considered the parties' submissions, the relevant law, and otherwise being fully advised in the premises, the Court concludes that the Motion should be **DENIED.**

Rule 42(a) of the Federal Rules of Civil Procedure states:

> If actions before the court involve a common question of law or fact, the court may:
>
> (1) join for hearing or trial any or all matters at issue in the actions;
>
> (2) consolidate the actions; or
>
> (3) issue any other orders to avoid unnecessary cost or delay.

Fed.R.Civ.P. 42(a).  Whether to grant a motion to consolidate is in the trial court's discretion.  *Servants of the Paraclete, Inc. v. Great Am. Ins. Co.*, 886 F.Supp. 1560, 1572 (D.N.M. 1994) (citing *Shump v. Balka*, 574 F.2d 1341, 1344 (10th Cir. 1978)).  The party moving for

1

consolidation bears the burden of proving that consolidation is desirable. *Servants of the Paraclete, Inc.*, 886 F.Supp. at 1572.

In deciding whether to grant a motion to consolidate, the court should consider first whether the two cases involve a common question of law or fact. *Servants of the Paraclete, Inc.*, 886 F.Supp. at 1572. If there is a common question, the court should weigh the interests of judicial convenience against the delay, confusion, and prejudice that consolidation might cause. *Servants of the Paraclete*, 886 F.Supp. at 1572.

The Court concludes that, although both cases have their genesis in events that occurred on November 5, 2003, there is not sufficient commonality between this case and the McDow Lawsuit to warrant consolidation. Furthermore, the two cases are at dissimilar points in their proceedings such that consolidation would cause inconvenience and delay.

Ms. Gonzales, the plaintiff in this case and a defendant in the McDow Lawsuit, accepted a ride that day from Mr. McDow, a commercial truck driver. Ms. Gonzales claims that at some point along U.S. Highway 54 near Carrizozo, New Mexico, Mr. McDow allegedly stopped the vehicle, bound and blindfolded her, threatened her life, and sexually assaulted her. He then abandoned Ms. Gonzales by the roadside and drove away. McDow was subsequently prosecuted in state court and convicted for committing the crime of false imprisonment against Ms. Gonzales.

Ms. Gonzales filed this lawsuit asserting various tort claims against Mr. McDow, his company, and the trucking companies with whom he contracted. Her claims are based on Mr. McDow's alleged assault and other tortious conduct on November 5, 2003.

2

The McDow Lawsuit, in which Mr. McDow is the plaintiff, is a civil rights action pursuant to 42 U.S.C. § 1983.  Mr. McDow asserts claims against numerous state officials and Ms. Gonzales on the grounds that "false information" was used to obtain the warrants and grand jury indictment, that "erroneous procedures" were used at his trial, and that state employees acting under color of law abused their authority and engaged in "dereliction of duty."  [Doc. 84-2.]

Mr. McDow has offered no basis for consolidation other than to claim conclusorily that consolidation will "save time and money" and that both "case[s] will cover the same issues and witnesses."  Commonality of witnesses, however, is not a factor in the analysis. Furthermore, he has not identified the issues that the two cases may have in common.

The Court's review of the Second Amended Complaint in the McDow Lawsuit indicates that, although there may be some factual overlap based on the alleged events of November 5, 2003, the legal issues are likely to be different.  Mr. McDow's civil rights claims against multiple government defendants appears to have little in common with Ms. Gonzales' common law tort claims against him.

Finally, considerations of judicial economy and delay weigh against consolidation. This case, which was filed in January 2007, is nearing completion.  Discovery has closed, dispositive motions have been fully briefed, and trial is set for May 2008.  The McDow Lawsuit, on the other hand, is just beginning.  It was filed in December 2007 and case management deadlines have not been set.  Furthermore, it appears that many of the defendants in the McDow Lawsuit have not yet been served, entered an appearance, or

3

answered.  To consolidate these two cases would unnecessarily delay the proceedings in this matter and potentially confuse the issues in the McDow Lawsuit.

The Court concludes that the motion is not well-taken and should be **DENIED.**

**IT IS, THEREFORE, ORDERED** that Defendant Kennedy McDow Sr.'s "Motion for Consolidate Cases" [Doc. 84] is **DENIED.**

**SO ORDERED** this 30th day of March 2008**,** in Albuquerque New Mexico.


**M. CHRISTINA ARMIJO**
United States District Judge

4