IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**CHRISTINE GONZALES**,

        Plaintiff,

    vs.                                                No. 1:07-cv-54 MCA/WDS

**KENNEDY McDOW, Sr., et al.**,

        Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on *Defendants Bennett International Group, Inc. and Bennett Motor Express, Inc.'s Motion for Partial Summary Judgment* [Doc. 47], filed November 15, 2007. Having considered the parties' submissions, the relevant law, and otherwise being fully advised in the premises, the Court concludes that the Motion should be **GRANTED**.

## I. INTRODUCTION

Ms. Gonzales asserts eight claims against Defendants Bennett International Group, Inc. and Bennett Motor Express, Inc. (collectively, "Bennett") in this lawsuit. Six of the claims are based on the alleged vicarious liability of Bennett for the actions of Defendant Kennedy McDow, Sr.; two of the claims are based on Bennett's own alleged negligence.

In a separate memorandum opinion and order entered today, the Court grants summary judgment in favor of Bennett on the six vicarious liability claims.[1] The dismissal

---

[1] The vicarious liability claims dismissed by the Court are Counts I, II, IV, V, VI, and VII. [Doc. 114.]

1

of the vicarious liability claims results from the Court's conclusion that Mr. McDow was an independent contractor, not an agent or employee of Bennett.

At issue on this motion are the remaining two claims against Bennett: Count III (negligent entrustment) and Count VIII (negligent retention).  Bennett moves for summary judgment on both.

## II.     BACKGROUND

Mr. McDow was an owner-operator truck driver and an owner of his own trucking company, K&M Trucking, also a defendant in this case.  In December 2002, Mr. McDow entered into a contractual arrangement with Bennett, under which he agreed to provide transportation services in exchange for compensation.

On November 5, 2003, Mr. McDow was transporting a load under his contract with Bennett when he picked up Ms. Gonzales near Vaughn, New Mexico.  It is alleged that Mr. McDow stopped the vehicle near Carrizozo, New Mexico, where he bound Ms. Gonzales, threatened her with a knife, and sexually assaulted her.  Mr. McDow then allegedly abandoned Ms. Gonzales by the roadside on US Highway 54 between Alamogordo and Las Cruces.

Ms. Gonzales was rescued later that day by Otero County Sheriff's officers after they received a 911 call of a female lying on the side of the road.  Mr. McDow was apprehended by New Mexico State Police shortly thereafter.  He admitted having sexual contact with Ms. Gonzales, but claimed that it was consensual.  Mr. McDow was charged with criminal sexual penetration, criminal sexual contact, kidnapping, bribery of a witness, and tampering with

evidence.

A jury found Mr. McDow guilty of false imprisonment (a lesser included offense of kidnapping) and tampering with evidence. He was acquitted of the remaining charges and sentenced to three years incarceration.

### III.    SUMMARY JUDGMENT STANDARD

Summary judgment under Fed.R.Civ.P. 56(c) "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). "When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading. . . ." Fed.R.Civ.P. 56(e). Rather, "the adverse party's response . . . must set forth specific facts showing that there is a genuine issue for trial." Id.

In ruling on a motion for summary judgment, the Court does not weigh the evidence and determine the truth of the matter, but simply determines whether there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). There is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. *Anderson*, 477 U.S. at 249. Judgment is appropriate as a matter of law if the nonmoving party has failed to make an adequate showing on an essential element of his case, as to which he has the burden of proof at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Lopez v. LeMaster*, 172 F.3d 756, 759 (10th Cir. 1999).

## IV.     ANALYSIS

For purposes of this motion, the Court assumes the following facts. Prior to contracting with Mr. McDow in December 2002, Bennett checked his work history and driving record, but did not conduct a criminal background check. [Doc. 75 at 26.] In the 1980s, Mr. McDow received a felony conviction for receiving stolen property and a misdemeanor conviction for forgery or falsifying a check. [Doc. 75 at 22–23.] In 1999, he was charged in Nevada with felony sexual assault. In connection with the Nevada sexual assault charge, Mr. McDow plead guilty in September 2003 to misdemeanor false imprisonment. A judgment of conviction was not entered against him until October 2003, a few weeks before the incident involving Ms. Gonzales. [Doc. 48 at 2; doc. 74 at 4.]

### A.     Negligent Entrustment (Count III)

In her second amended complaint, Ms. Gonzales claims that Bennett "had a duty to ensure the safe operation of its vehicles." [Doc. 17, ¶ 39.] Since it is undisputed, however, that Bennett did not own the vehicle Mr. McDow was driving at the time of the alleged assault, Ms. Gonzales has altered her theory of negligent entrustment. She now argues that Bennett was negligent in the decision to entrust Mr. McDow with the business activity of transporting loads in a commercial vehicle. [Doc. 74 at 9.] According to Ms. Gonzales, Bennett negligently entrusted "its permits, licenses and authority to drive under the Bennett flag to Defendant McDow." [Doc. 74 at 8.]

Negligent entrustment is a recognized tort in New Mexico. *See Hermosillo v. Leadingham*, 13 P.3d 79 (N.M. Ct. App. 2000). Its contours, however, are ill-defined outside

the context where a defendant entrusts an automobile to a person who is allegedly incompetent to operate it.  The elements of the claim are generally stated as follows:  the plaintiff must show the defendant (1) entrusted his automobile (2) to another whom the defendant knew or should have known was an incompetent driver, and (3) whose incompetence caused the plaintiff's injuries.  *Hermosillo*, 13 P.3d at 84.  Regardless of the context, however,  the plaintiff must show that the injury was caused by the activity or thing entrusted.  *Chavez v. Torres*, 991 P.2d 1, 2 (N.M. Ct.App. 1999); *Spencer v. Gamboa*, 699 P.2d 623 (N.M. Ct.App. 1985) (holding that causal connection must exist between entrustment and the injury).

Bennett argues that it cannot be held liable because it had no indication that Mr. McDow would conduct himself improperly.  [Doc. 48 at 5.]  Bennett further argues that Ms. Gonzales must demonstrate that the entrustment was the proximate cause of her damages.  [Doc. 86 at 3.]  Ms. Gonzales also recognizes that she has the burden of establishing proximate causation between the entrustment and the injury.  [Doc. 74 at 8.]

The Court concludes that the tort of negligent entrustment is not applicable on the facts of this case.  *Chavez v. Torres*, in which the plaintiff was also the victim of an assault, is instructive.  In *Chavez*, the plaintiff girlfriend was assaulted by her boyfriend in his mother's home.  The girlfriend brought a negligent entrustment claim against the boyfriend's mother on the grounds that the mother negligently allowed her son to access the house knowing of his violent propensities.  *Chavez*, 991 P.2d at 2.

The New Mexico Court of Appeals held that negligent entrustment was inapplicable

as a matter of law. The court reasoned that it "would be a far stretch under the facts in this case to say that [boyfriend's] use of the house caused injury to [plaintiff] in the same way that...use of an automobile by a drunken driver causes injury in traditional negligent entrustment doctrine." *Chavez*, 991 P.2d at 3.

Likewise, it would be a far stretch to say that the activity of hauling freight or that Mr. McDow's use of Bennett's permits caused injury to Ms. Gonzales. As a matter of law, Ms. Gonzales has failed to establish a causal connection between the entrustment and the injury.

Ms. Gonzales argues that her negligent entrustment claim is supported by a letter from Bennett's insurer, in which the insurer states that claims arising from the use or entrustment of an automobile are excluded from coverage. [Doc. 74 at 9; doc. 77 at 14.] However, the insurer's statement is based on Ms. Gonzales' *own* characterization of the claim as one for negligent entrustment.

Ms. Gonzales' assertions that Bennett failed to monitor Mr. McDow once it entered a business relationship with him are also irrelevant to her negligent entrustment claim. Failure to exercise oversight is not an element of the cause of action.

Ms. Gonzales further argues that Bennett's failure to inquire into Mr. McDow's criminal history precludes summary judgment. However, "even in the context of chattel entrustments, ordinary care has not required a duty to investigate." *Gabaldon v. Erisa Mortgage Co.*, 990 P.2d 197, 205 (N.M. 1999).[2]

---

[2]Ms. Gonzales' reliance on the New Mexico Court of Appeals' opinion in *Gabaldon v. Erisa Mortgage Company* is problematic. Although some of the general propositions may still be sound, its holding on the issue of negligent entrustment was expressly reversed by the New Mexico Supreme Court.

Ms. Gonzales cites *Kelly v. Board of Trustees of Hillcrest General Hospital Inc.* for the proposition that Bennett has the summary judgment burden of demonstrating it had no knowledge of Mr. McDow's alleged dangerous propensities. [Doc. 74 at 10.] In *Kelly*, a hospital patient was attacked in the night by her roommate. The victim of the attack sued the hospital for the negligence of its employees and agents.[3] *Kelly v. Bd. of Trs. of Hillcrest Gen. Hosp.*, 529 P.2d 1233 (N.M. Ct.App. 1974). The Court of Appeals reversed summary judgment for the hospital and stated that to "make a prima facie showing, the defendant must establish that it did not have actual knowledge (knew or should have known) that [attacker's] condition was such that an assault and battery might be expected to follow." *Kelly*, 529 P.2d at 1234.

*Kelly* has no application to this case. It did not involve a claim of negligent entrustment. Furthermore, Ms. Gonzales does not explain why the duties and burdens incumbent upon a hospital to protect others from a potentially dangerous patient should apply here. Her negligent entrustment claim fails as a matter of law and should be dismissed.

### B.  Negligent Retention (Count VIII)

Ms. Gonzales asserts a claim against Bennett for negligently "retaining...McDow as an employee and/or agent." [Doc. 17 at 11.] This claim is foreclosed by the Court's

---

*Gabaldon v. Erisa Mortgage Co.*, 990 P.2d 197, 203–06 (N.M. 1999) (holding that Court of Appeals erred in expanding doctrine of negligent entrustment to impose duty on non-possessory landlord to exercise care in selecting tenant).

[3]The opinion is not entirely clear, but the claim presumably was based on the negligence of the hospital employees in putting the plaintiff together in a room with a patient who had dangerous propensities.

conclusion that Mr. McDow was an independent contractor, not an employee or agent.

Ms. Gonzales' Second Amended Complaint does not allege a claim for negligent selection of an independent contractor. To the extent she argues the theory in her response brief, she has failed to demonstrate that such a claim would be viable. First, New Mexico has not expressly adopted the Restatement section upon which the cause of action is based, so it is not clear that negligent selection of a contractor is a recognized theory of recovery in New Mexico. *See Valdez v. Yates Petroleum Corp.*, 155 P.3d 786, 788 (N.M. Ct. App. 2007) (assuming without deciding that Restatement (Second) of Torts § 411 (1965) is viable substantive law).

Even if negligent selection of a contractor is a viable theory under New Mexico law, Ms. Gonzales is unable to raise a fact issue on the claim. Section 411 states:

> An employer is subject to liability for physical harm to third persons caused by his failure to exercise reasonable care to employ a competent and careful contractor
>
> > (a) to do work which will involve a risk of physical harm unless it is skillfully and carefully done, or
> >
> > (b) to perform any duty which the employer owes to third persons.

Restatement (Second) of Torts § 411 (1965). Neither of these options appear to fit the facts of this case.

Furthermore, the language of Section 411, as well as the commentary and illustrations, indicate that the employer of the independent contractor is only liable for injury that results from the work that the contractor has been hired to do. Liability may arise if, for example, the independent contractor lacks the skills, equipment, or experience necessary for the job.

Restatement (Second) of Torts § 411 cmt. a (1965).

Here, there are no allegations that Mr. McDow was not a competent or careful driver. There is nothing alleged to be deficient about Mr. McDow's driving skills.

Ms. Gonzales attempts to impose liability on the grounds that Bennett established a contractual relationship with Mr. McDow without subjecting him to any review. [Doc. 74 at 13.] This claim is contrary to the record. It is undisputed that prior to contracting with Mr. McDow, Bennett investigated his work history and driving record, required his truck to pass a federal inspection, and required him to pass a physical examination and drug tests. [Doc. 48 at 2; doc. 74 at 3.]

Ms. Gonzales asserts that the "hiring" procedure was inadequate because it did not include an inquiry into Mr. McDow's criminal background. She has presented no evidence, however, that the duty of care for hiring an independent driver includes a criminal background check. *See Yates Petroleum Corp.*, 155 P.3d at 791 (summary judgment was proper on negligent selection claim when plaintiff failed to raise a fact issue that pre-hiring inquiries into driver's competence were inadequate). There is also an absence of evidence that a criminal background check would have revealed the alleged propensity to commit acts of violence. The only convictions evidenced in the record at the time Bennett contracted with Mr. McDow were two relatively minor property crimes.

Ms. Gonzales also argues that Bennett had a "continuing duty to follow up on McDow's conduct and behavior." [Doc. 74 at 10.] It is true that an employer may be held liable for negligent supervision of an employee. *Ocana v. Am. Furniture Corp.*, 91 P.3d 58,

9

73 (N.M. 2004). However, Ms. Gonzales has not cited any authority establishing that a employer is required to monitor the activities of an independent contractor and the Court is not aware of any authority that would require monitoring under these circumstances.

The general rule is that an employer is not liable for the actions of an independent contractor. *Yates Petroleum Corp.*, 155 P.3d at 788. There are two exceptions: (1) the contractor is performing work that is inherently dangerous, or (2) the defendant owes a nondelegable duty to the public or the particular plaintiff, such as the duty of lessor to lessee. *Yates Petroleum Corp.*, 155 P.3d at 788. Driving a truck is not an inherently dangerous activity. *Yates Petroleum Corp.*, 155 P.3d at 790. Further, it is not alleged that Bennett owed a nondelegable duty.

In sum, because Mr. McDow was not an employee of Bennett, Ms. Gonzales' claim for negligent retention must be dismissed. Any purported claim for negligent selection of an independent contractor also fails as a matter of law.

## V. CONCLUSION

The Court concludes that Bennett's motion is well-taken and should be **GRANTED**.

**IT IS, THEREFORE, ORDERED** that *Defendants Bennett International Group, Inc. and Bennett Motor Express, Inc.'s Motion for Partial Summary Judgment* [Doc. 47] is **GRANTED.** Counts III and VIII are dismissed **with prejudice**.

**SO ORDERED** this 30th day of March 2008**,** in Albuquerque New Mexico.

                **M. CHRISTINA ARMIJO**
                United States District Judge